Citation Nr: 1522719 
Decision Date: 05/29/15 Archive Date: 06/11/15

DOCKET NO. 12-09 703 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas


THE ISSUE

Entitlement to service connection for a back disorder. 


REPRESENTATION

Appellant represented by: Texas Veterans Commission


ATTORNEY FOR THE BOARD

P. M. Johnson, Associate Counsel


INTRODUCTION

The Veteran had active service from February 1966 through March 1967. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a December 2010 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Waco, Texas.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

A review of the record demonstrates that the Veteran requested a Board hearing at a local VA office, "or Travel Board" hearing in his Substantive Appeal (VA Form 9) submitted in April 2012. In September 2014, the Veteran was sent a letter indicating that a Travel Board hearing had been scheduled for October 23, 2014 at 8:30 a.m. The Veteran did not appear for the scheduled hearing; however, the claims file indicates that in November 2014, he was sent a letter stating that he had been placed on the list of persons waiting to appear for a Travel Board hearing. 

Based upon this evidence, the Veteran and his most recently appointed representative were sent a letter requesting clarification regarding whether the Veteran still desired a hearing before the Board. The letter requested that the Veteran respond with his preferred type of hearing or if he no longer desired a hearing before the Board. The letter stated that if the Veteran or his representative did not respond "within 30 days" from the date of the letter that the Board would use his "previous selection" in scheduling his hearing. 

Neither the Veteran, nor the Texas Veterans Commission responded to the Board's letter. Therefore, the Board will use the Veteran's most recent selection from his April 2012 VA Form 9 in scheduling his hearing. Since the failure to afford the Veteran a hearing would constitute a denial of due process that could result in any BVA decision being vacated, this matter must be addressed prior to any appellate review. See 38 C.F.R. § 20.904. 

Accordingly, the case is REMANDED for the following action:

1. The AOJ should take appropriate steps in order to schedule the Veteran for a Board hearing before a Veterans Law Judge at the RO (Travel Board hearing) in accordance with his request. The Veteran and his representative should be notified in writing of the date, time, and location of the hearing. 

2. After the hearing is conducted, or if the Veteran withdraws the hearing request or fails to report for the scheduled hearing, the AOJ should follow appropriate procedure to return the Veteran's claim to the Board, including requesting that a VA Form 646 (Statement of Accredited Representative in Appealed Case) or equivalent be completed.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
H. SEESEL
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).